IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

ARLENE MARTINEZ-DELIO,
PATRICK DELIO, &
WILLIAM RODRIGUEZ,

    Plaintiffs,

      v.

THE RESIDENCES AT SANDPEARL
RESORT OWNER'S ASSOCIATION, INC.,
and ROBERT SIMPSON,

    Defendants.

_____/

## COMPLAINT

**COMES NOW,** the Plaintiffs, ARLENE MARTINEZ-DELIO, PATRICK DELIO, & WILLIAM RODRIGUEZ ("Plaintiffs"), by and through their undersigned counsel, and sues the Defendants, THE RESIDENCES AT SANDPEARL RESORT OWNER'S ASSOCIATION, INC., and ROBERT SIMPSON, ("Defendants"), and for their causes of action, state the following:

### JURISDICTIONAL ALLEGATIONS

1. The Court has original jurisdiction over the action pursuant to 42 U.S.C. § 3604 and 42 U.S.C. § 3617, because this lawsuit was brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.    Venue is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C. §1391(b) because the claim arose in this judicial district.

1

3. Plaintiffs ARLENE MARTINEZ-DELIO & PATRICK DELIO and WILLIAM RODRIGUEZ reside at 11 Baymont St. Unit 1004, Clearwater Beach, Florida 33767, and are otherwise *sui juris*.

4. Plaintiff WILLIAM RODRIGUEZ is and continues to be a person with a disability, as defined by 42 U.S.C. § 3602, as he was born with Cerebral Palsy and Developmental delay which requires him to need a walker to ambulate as well as other needs.

5. In addition, Plaintiff WILLIAM RODRIGUEZ is substantially limited in the major life activity of walking due to his disability.

6. These conditions substantially affect the major life activities of Mr. RODRIGUEZ, including, but not limited to significantly impairing his ability to walk, navigate freely and perform daily tasks unassisted.

7. The Defendant, THE RESIDENCES AT SANDPEARL RESORT OWNERS ASSOCIATION, INC. is licensed to and doing business in Florida and owns and/or operates the condominium, THE RESIDENCES AT SANDPEARL RESORT located at 11 BAYMONT STREET, Clearwater Beach, FL 33767.

8. Defendant, ROBERT SIMPSON, is the President of THE RESIDENCES AT SANDPEARL RESORT OWNERS ASSOCIATION, INC. and at all times relevant was acting in his capacity as president of the governing board.

9. Defendants are responsible for the discriminatory denial of accommodations to the Plaintiffs ARLENE MARTINEZ-DELIO, PATRICK DELIO, & WILLIAM RODRIGUEZ with actual knowledge or with reckless disregard of the illegality of such acts.

## **GENERAL ALLEGATIONS**

10. THE RESIDENCES AT SANDPEARL RESORT OWNER'S ASSOCIATION, INC. is the governing board for the residences and owns and operates the residences at Sandpearl Resort, a condominium. The board votes on and decides certain changes to be made to the residences.

11. In February of 2020, the board voted to add sea grapes on west side of the building in order to alleviate a problem with sand. The west side of the building faces the Gulf of Mexico.

12. The boardwalk extends 350 feet and is on the west side of the building that also has cabanas. Over time the sand was lifting the boardwalk preventing the cabana doors from opening, however, the north end of the boardwalk already had sea grapes and the cabana doors on this end never had a problem.

13. After the vote, the board president took it upon himself to enclose the entire boardwalk, preventing the easy access to the beach that the open boardwalk provided to the residents for well over 10 years.

14. Because of the new enclosure made around the boardwalk, Plaintiff WILLIAM RODRIGUEZ was prevented from taking his usual clear path to the beach in his mobility device and instead was forced to take a longer, treacherous, alternative route.

15. Once the sea grapes were planted in February 2020, the landscaping company suggested adding a clothe protective fence on both sides of the sea grapes. SIMPSON, the board president, claimed the fence was needed to allow them to take root. However, a year later a 350-foot by 10-foot fence enclosing the sea grapes was installed even though the sea grapes were already taking root.

16. Plaintiffs were given different reasons for the fence every time they inquired about it the accommodation for WILLIAM RODRIGUEZ. They were first told that they could not make an opening in the sea grapes to provide access to the beach because the sea grapes would all die. Another time they were told a fence was needed because the water line would be trampled over and then found out there are 2 water lines not connected.  On another occasion, it was claimed that the fence was there to keep people off the boardwalk because people would walk onto the sand and then onto the boardwalk.  Meanwhile, people could gain access where the street meets the beach since there was no fence at this location.

17. The last reason Plaintiffs were told they were waiting for the landscapers decision to remove the fence. However, when plaintiff contacted the landscapers, they said the fence will stay until the sea grapes form a natural fence so they are not in rush to remove this fence that was installed at the request of the president who acted without a board meeting  and without a vote.

18. In March of 2021 when the steel fence was erected, Plaintiffs sent a reasonable accommodation request to create a 3 foot opening which would allow their son WILLIAM RODRIGUEZ and everyone else their previous easy access to the beach. The board president, ROBERT SIMPSON, reacted by writing, "I really hope this is a joke!!  With what we are dealing with right now, are you kidding?  Let some their wheelchair off the edge!!  Omg.  There is no ADA off the boardwalk.  Who is then responsible to make sure the sand is maintained at the boardwalk level 24/7??  Stupid request while we try to get our plants to grow!  Bob"   They also gave additional reasons for the denial of the accommodation.  The reason given was that Plaintiff William does not live there and it is unreasonable to ask for a 3-foot opening and that there are now 2 designated exit points. However, one with stairs on the north side that is about 100 feet away from the door is completely inaccessible by plaintiff RODRIGUEZ and other similarly

4

situated disabled individuals, an another so called "ramp" on the south side that is 250 feet away from the door that creates a more challenging journey to the beach. Further, the south end entrance in frequently blocked by mounds of sand. With no openings along the 350 foot boardwalk, the maintenance staff is forced to push the sand into mounds on the designated exit points. These exit points lead to paths used by the general public instead of a less traveled path. The frequency of use causes the sand to become very soft. The soft sand is unstable which requires more neurological input to the foot and ankle complex making it much harder for WILLIAM RODRIGUEZ to travel to the beach compared to the less traveled and much harder sand directly opposite the door.

19. Even after Plaintiffs informed the president of the laws about fence structures and reiteration that this was never voted on or approved by the board, the president claimed he did not need any approval and he could leave the fence up if he wanted. Further, through his lawyer, he stated they are not bound by the ADA and thus not required to accommodate the Plaintiffs.

20. Although the president would not accommodate Plaintiffs for Mr. RODRIGUEZ's disability needs and said it was an unreasonable request because they could not maintain a 3 foot opening, the president did remove part of the fence after other units complained that it was an eyesore.

21. Shortly after being denied accommodations, Plaintiffs were subjected to selective enforcement of the rules and given an unreasonable and unprecedented fine for stepping on the fence. Although the cost of the materials was only $30, and labor not much more, the Plaintiffs were fined $500.

22. This was the first fine given by Defendants in the entirety of its existence and did not follow the rules of the governing documents which state they must first notify the owner of the violation and give them 5 days to remedy the problem before levying any fines.

23. In addition, there had been numerous other and worse offenses committed in the community that while observed and reported went without any corrective action.

24. As a result of this discrimination WILLIAM RODRIGUEZ has not been able to freely enjoy the benefits of the beach front community, preventing access to the amenities that attracted them to this condo and creating fear and worry for ARLENE MARTINEZ-DELIO & PATRICK DELIO that when they pass on this dwelling to their children they will suffer further discrimination and be further prevented from enjoying any benefits of this community.

25. Defendants' discrimination described herein foreseeably results in in a disparate impact to people with mobility disabilities at significantly higher rates than people without mobility disabilities as people with mobility disabilities <u>cannot</u> access the beach and/or cannot access the beach without considerable difficulty, but people who are sighted <u>can</u> access the beach despite the closure.

26. As a result of this harassment, retaliation and discrimination, Plaintiffs have actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing in nature and Plaintiffs will suffer these losses in the future.

### COUNT 1 – FAILURE TO MAKE REASONABLE ACCOMMODATIONS FOR A PERSON WITH A DISABILITY

**(42 U.S.C. § 3604(f)(3), § 760.23(8), Fla. Stat.,)**

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 above as though set forth herein.

28. Discrimination is defined as the refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

29. Removing an unnecessary, small section of shrubbery and fencing to allow easier mobility to a condominiums amenities is a reasonable accommodation under the fair housing act. 24 C.F.R. § 100.204.

30. Defendants' failure to remove unneeded fencing and shrubbery to accommodate the situation and disability of WILLIAM RODRIGUEZ is discriminatory and unlawful.

31. Such actions by Defendants were in total and reckless disregard of Plaintiffs ARLENE MARTINEZ-DELIO, PATRICK DELIO, & WILLIAM RODRIGUEZ rights and indifferent to Mr. RODRIGUEZ's medical conditions or needs.

32. As a result of this discrimination, Plaintiff has actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

**WHEREFORE,** Plaintiffs ARLENE MARTINEZ-DELIO, PATRICK DELIO, & WILLIAM RODRIGUEZ demand judgment against Defendants, THE RESIDENCES AT SANDPEARL RESORT OWNER'S ASSOCIATION, INC., and ROBERT SIMPSON to ensure that discrimination in violation of the Fair Housing Acts do not occur in the future, to enjoin Defendants from discriminating against Plaintiffs herein, and preventing discrimination to other persons based upon disability in the future as follows:

a. That the Court declare that the actions of the Defendants violated the Fair Housing Amendments Act by discriminating against persons with disabilities;

b. Order Defendant RESIDENCES AT SANDPEARL RESORT OWNER'S ASSOCIATION, INC. to create an opening in the 350 foot long fence opposite the west door of the building and install an ADA complaint ramp.

c. That the Court order the ROBERT SIMPSON and the Board of the RESIDENCES AT SANDPEARL RESORT OWNER'S ASSOCIATION, INC. to undergo training by a mutually approved federally funded entity regarding compliance with the Fair Housing Act.

d. That the Court enjoin Defendants from discriminating against Plaintiff or any other person, because of their disability and immediately order the Defendants to remove the obstructive fencing or provide an alternative easy safe route for WILLIAM RODRIGUEZ and those similarly situated to the beach;

e. That the Court require Defendants THE RESIDENCES AT SANDPEARL RESORT OWNER'S ASSOCIATION, INC. and ROBERT SIMPSON to establish objective policies and procedures to permit an accommodation for a person with a disability;

f. An award of appropriate compensatory and punitive damages to Plaintiffs ARLENE MARTINEZ-DELIO, PATRICK DELIO, & WILLIAM RODRIGUEZ against Defendants to compensate them for their actual damages and for the humiliation, embarrassment and emotional distress cause by the Defendants' discriminatory actions;

g. That the Court declare that the Defendants' acts were willful and wanton and in reckless disregard of the Plaintiffs' civil rights under law;

      h.      Order Defendants to provide a notice to all owners and tenants of THE RESIDENCES AT SANDPEARL RESORT their rights under the Fair Housing Act, including their right to have accommodations or modifications if they have a disability;

      i.      Order that the Defendants instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants, of the terms of the Court's Order and the Fair Housing Act, Fair Housing Act and implementing regulations;

      j.      Order that the Defendants shall maintain for inspection by Plaintiff and all other tenants or owners at its condominium offices, copies of the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

      k.      Find that Plaintiffs are entitled to an award of attorneys' fees and costs, and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter;

      l.      And grant any other such relief as this Court deems just and equitable

Dated: March 7, 2022 Respectfully submitted,

                              */s/ J. Courtney Cunningham*
                              J. Courtney Cunningham, Esq.
                              J. COURTNEY CUNNINGHAM, PLLC
                              FBN: 628166
                              8950 SW 74th Court, Suite 2201
                              Miami, FL 33156
                              T:  305-351-2014
                              cc@cunninghampllc.com